IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 1, 2010 Session

## 84 LUMBER COMPANY v. BRYAN SMITH, ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 27548      Jean A. Stanley, Judge**

_____

**No. E2010-00292-COA-R3-CV  - FILED OCTOBER 28, 2010**

_____

CHARLES D. SUSANO, JR., concurring in part and dissenting in part.

I agree with so much of the majority opinion as affirms the trial court's judgment against Allstate Building System, LLC.  I cannot agree, however, with the majority's decision (1) to reverse the judgment in favor of 84 Lumber Company against R. Bryan Smith and (2) to grant summary judgment to Mr. Smith.

While the majority cites relevant authority for its holding that Mr. Smith is not liable on the commercial credit application ("the application") at issue in this case, I cannot get beyond the all-capitals language in the application as quoted in the majority opinion. That language, in pertinent part, provides as follows:

> I HEREBY CERTIFY THAT . . . I DO UNCONDITIONALLY AND
> IRREVOCABLY PERSONALLY GUARANTEE THIS CREDIT
> ACCOUNT AND PAYMENT OF ANY AND ALL AMOUNTS
> DUE BY THE ABOVE BUSINESS. . . .

(Capitalization in original.)  The majority acknowledges that the "ABOVE BUSINESS" is the customer of 84 Lumber, *i.e.*, Allstate.  Actually, the language "ABOVE BUSINESS" appears twice in the all-capitals language, only a part of which is quoted in this separate opinion.  Query, if the "ABOVE BUSINESS" is Allstate, who, pray tell, is the "I" who is doing the guaranteeing?  Can it be anyone other than the person who signed his name under this language?

Mr. Smith took pen in hand and signed his name below the subject language.  It is true that he wrote out the word "President" after his signature, but this was obviously done to show his agency relationship with the customer – the "ABOVE BUSINESS" – to whom credit was going to be granted.

I do not understand why Mr. Smith's signature is not effective both to bind the "ABOVE BUSINESS" and to bind him – the "I" – "PERSONALLY" on the account.  He is assumed by law to have read that to which he has signed his name.  *See **Giles v. Allstate Insurance Company***, 871 S.W.2 154, 157 (Tenn. Ct. App. 1993).  In my judgment, when he signed the application, he had to have known that the "I" doing the personal guaranteeing was him.

I concur in part and respectfully dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE